754 F.2d 252
 Winston Monroe HOLLOWAY, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction,
Director, U.S. Bureau of Prisons, and Steve Clark,
Attorney General of the State of
Arkansas, Appellees.
 No. 84-1851.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 15, 1985.
Decided Jan. 31, 1985.
 
 Kaye Oberlag Hartenstein, Little Rock, Ark., for appellant.
 Steve Clark, Atty. Gen. by Leslie M. Powell, Asst. Atty. Gen., Little Rock, Ark., for appellees.
 Before HEANEY, ROSS and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Winston Monroe Holloway appeals from the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. Holloway argues that the district court erred in dismissing his petition, which alleged a due process violation when Holloway's sentence was enhanced at his second trial after a successful appeal. We affirm.
 
 
 2
 Holloway was originally convicted in the Arkansas state courts in September, 1975, of two counts of rape and one count of robbery. He was sentenced to two life terms on the rape counts and twenty-one years on the robbery counts, with the life sentences running concurrently and the term of years running consecutively to the life sentences. The Arkansas Supreme Court affirmed, Holloway v. State, 260 Ark. 250, 539 S.W.2d 435 (1976), but the Supreme Court reversed and remanded. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). On retrial in 1979 by a different prosecutor and before a new judge and jury, Holloway was convicted on the same three counts as well as on three firearm enhancement charges.[1] He was sentenced to consecutive terms of life imprisonment on first rape charge, fifty years on the second rape charge, twenty-one years on the robbery charge, and fifteen years on each of the firearm enhancement charges. Holloway's second conviction was also affirmed on appeal. Holloway v. State, 268 Ark. 24, 594 S.W.2d 2 (1980). Pursuant to Holloway's petition, the United States Magistrate held an evidentiary hearing on which, in part, he based his recommendation of dismissal. The United States District Court accepted the magistrate's recommendation and Holloway appealed to this Court.
 
 
 3
 Holloway challenges the enhancement of his sentence after his second trial because it reflects vindictiveness, and chills his exercise of his right to seek post-conviction relief. As a result, Holloway claims that his due process rights were infringed. We disagree.
 
 
 4
 In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court held:
 
 
 5
 Due process of law * * * requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge. [Footnote omitted.]
 
 
 6
 Id. at 725, 89 S.Ct. at 2080.
 
 
 7
 To guard against possible due process violations of this sort, the Court also required that, when the second sentence is more severe, the judge's reasons for imposing that sentence "must affirmatively appear." Id. at 726, 89 S.Ct. at 2081.
 
 
 8
 The Court has subsequently elaborated its holdings in this area and has moderated Pearce as it applies to the case at bar. In Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Court reviewed its holdings in Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), and concluded that "the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.' " Blackledge, 417 U.S. at 27, 94 S.Ct. at 2102. The Court based its conclusion principally on the fact that, in Chaffin and Colten, the second sentence was meted out by a different authority[2] and, under the circumstances, the potential for vindictiveness was "de minimis," Chaffin v. Stynchcombe, 412 U.S. 17 at 26, 93 S.Ct. 1977 at 1982, 36 L.Ed.2d 714 (1973), or "not inherent," Colten, 407 U.S. at 116, 92 S.Ct. at 1960.
 
 
 9
 Reviewing the case at bar in light of these precedents, we find no suggestion that the district court's dismissal of the petition was clearly erroneous. Holloway's second trial was conducted before a judge who testified at the evidentiary hearing that he had no knowledge of Holloway's previous sentence. In addition, the record reflects that the case was handled by a different prosecutor and heard by a different jury.
 
 
 10
 Holloway also suggests that he was improperly charged with additional violations at his retrial. Our review of the record belies this contention. It appears that Holloway was charged at both trials with identical offenses; the disparity in convictions and sentencing arises from different habits of the two judges. The record suggests that Holloway's first judge declined to instruct the jury on the firearm enhancement charge because he felt that, if the jury returned a guilty verdict on the substantive count, justice would be served by a sentence on that basis alone. The first judge also apparently declined to run Holloway's life sentences consecutively out of general habit and the belief that just sentencing did not compel this practice. The record also reflects that Holloway's second judge (who, at the time of trial, was relatively new to the bench) typically relied on enhancement charges where they were available and preferred to issue consecutive sentences. Thus, the record reflects the basis for Holloway's increased sentence and we are unable to detect any vindictiveness in that proceeding. Absent vindictiveness, there can be no chilling effect on Holloway's exercise of his right to post-conviction relief.
 
 
 11
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 Arkansas statutes provide that, where a felony is committed with a firearm, use of the firearm constitutes a separate violation. Ark.Stat.Ann. Sec. 43-2336 (1977)
 
 
 [2]
 Chaffin involved a second sentence issued by a jury not informed of the first sentence, and Colten involved Kentucky's two-tiered system in which the appellant's sentence resulted from a trial de novo in a court of general jurisdiction